OPINION
{¶ 1} Defendant-appellant Ronald K. Patterson, Jr., aka Kelly Patterson, Jr., appeals the June 13, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas which dismissed his second petition to vacate or set aside his judgment of conviction based upon newly discovered evidence. Appellant filed the petition pro se pursuant to R.C. 2953.21(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On September 28, 1999, the Tuscarawas County Grand Jury indicted appellant with one count of aggravated murder, in violation of R.C. 2903.01, a felony of the first degree, and two counts of murder, in violation of R.C. 2903.02, unclassified felonies. At his arraignment, appellant pled not guilty to the charges. On January 10, 2000, appellant withdrew his previously entered pleas of not guilty and entered a plea of guilty to one count of murder. The trial court dismissed the remaining counts.
 {¶ 3} In its January 11, 2000 Judgment Entry, the trial court noted appellant informed the trial court he was thinking clearly. Appellant further expressed confidence in the competence of his attorneys, and stated no one had promised him anything in exchange for the entry of his plea of guilty. After conducting the complete colloquy pursuant to Crim.R. 11, the trial court accepted appellant's plea of guilty. In the same judgment entry, the trial court imposed an indefinite term of fifteen years to life imprisonment for the offense. Appellant did not file an appeal of his original judgment entry of the conviction to this Court.
 {¶ 4} On August 7, 2000, appellant filed a Petition to Vacate or Set Aside Sentence claiming ineffective assistance of trial counsel. Specifically, appellant claimed his trial counsel used his mother and her heart condition as a vehicle to coerce his guilty plea. In an August 31, 2000 Judgment Entry, the trial court construed appellant's motion to vacate his sentence as a motion for post-conviction relief, and overruled the same.
 {¶ 5} On May 23, 2002, appellant filed his second Petition to Vacate or Set Aside Judgment based upon newly discovered evidence. Appellant filed this post-conviction relief pursuant to R.C. 2953.21
and/or 2953.23.
 {¶ 6} In a June 13, 2002 Judgment Entry, the trial court denied appellant's second petition for post-conviction relief as untimely filed. It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY ITS DENIAL OF THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF IN VIOLATION OF PETITIONERS [SIC] RIGHTS SECURED BY THE 5TH, 8TH, 14TH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTIONS 2, 9, 10 AND 16
OF THE OHIO CONSTITUTION WHEN HE WAS TAKEN BEFORE THE TRIAL COURT AND ALLOWED TO ENTER A PLEA OF GUILTY TO THE CHARGE OF MURDER, WHEN THE APPELLANT WAS UNDER THE INFLUENCE OF MIND ALTERING DRUGS OF DEPACOTE, VISTERILL, PAXIL, TO WHICH, THE EFFECTS OF PAXIL ARE JUST BECOMING KNOWN KNOWN [SIC] TO THE APPELLANT AND GENERAL PUBLIC, TO WHICH, CONSTITUTES NEWLY DISCOVERED EVIDENCE R.C. 2953.23.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY ITS DENIAL OF THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF BECAUSE THE APPELLANT'S RIGHTS SECURED UNDER THE 6TH AMENDMENT TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WERE VIOLATED WHEN THE APPELLANTS [SIC] RECIEVED [SIC] INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY TRIAL COUNSELS [SIC] FAILURE TO INVESTIGATE THE APPELLANT'S MENTAL STATE AND/OR THE FACTS THAT THE APPELLANT WAS UNDER THE INFLUENCE OF PAXIL AT THE TIME OF THE ALLEGED OFFENSE AND THAT THE APPELLANT WAS UNDER THE HEAVY INFLUENCE OF PAXIL, DEPACOTE, VISTERILL AT THE TIME HE WAS TAKEN BEFORE THE TRIAL COURT AND ENTERED A PLEA OF GUILTY TO THE CHARGE OF MURDER AND IN FACT WAS COERCED BY TRIAL COUNSEL INTO MAKING THE PLEA UNDER FALSE PRETENSES."
 {¶ 9} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 10} "(E) Determination and judgment on appeal.
 {¶ 11} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 12} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 13} This appeal shall be considered in accordance with the aforementioned rule.
 I, II {¶ 14} In appellant's first assignment of error, he maintains the trial court abused its discretion in denying his petition for post-conviction relief where his plea was not knowingly, intelligently, or voluntarily entered. In appellant's second assignment of error, he maintains the trial court erred in denying his petition for post-conviction relief where he was denied effective assistance of trial counsel. We disagree with each of appellant's contentions.
 {¶ 15} Post-conviction relief petitions are governed by R.C.2953.21(A)(2). The statute permits any person who has been convicted of a criminal offense, who claims there was a denial or infringement of the person's right as to render the judgment void or voidable under the Ohio Constitution, may file a petition in the court stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment and grant appropriate relief.
 {¶ 16} This petition may not be filed later than 180 days after the date on which the trial transcript is filed in the court of appeals and the direct appeal of the judgment. If no appeal is taken, the statute requires the petition should be filed no later than 180 days after the expiration of the time for the filing of the appeal.
 {¶ 17} R.C. 2953.23 permits a second or successive petition to be filed outside of this time frame if a petitioner can establish he or she was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief. R.C. 2953.23(A)(1)(a).
 {¶ 18} Appellant bases both of his assignments of error on the fact he was taking prescription medication Paxil at the time of the crime, and the prescription medications Paxil, Visterill, and Depacote at the time of the entry of his guilty plea. Appellant argues these drugs created a condition where he could not enter a knowing, intelligent, or voluntary guilty plea. Further, appellant maintains his trial counsel was ineffective in failing to investigate the effect the prescription drug Paxil would have had on his psyche at the time of the crime. While appellant claims Paxil causes aggression, he stops short of claiming Paxil caused him to commit the crime, or that Paxil creates irrational thought processes.
 {¶ 19} We agree with the trial court appellant has not demonstrated a cause for enlargement of the time requirement pursuant to R.C. 2953.23(A)(1).
 {¶ 20} Accordingly, the June 13, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.
topic: petition for post conviction relief properly denied.